UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PARTANNA CONSTRUCTION, INC., <br><br> Defendant. | Civil No. 11-6579 (NLH/KMW) <br><br> **MEMORANDUM OPINION & ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court on the motion of Plaintiffs, Trustees of the B.A.C. Local 4 Pension and Annuity Funds, Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, and Richard Tolson, as Administrator of B.A.C. Administrative District Council of New Jersey, seeking default judgment on their claims against Defendant, Partanna Construction, Inc., regarding unpaid contributions and dues check-offs; and

Plaintiffs averring that they are entitled to $160,725.88[1] in damages, including interest, liquidated damages, and attorneys' fees and costs; and

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[,]" 29 U.S.C. § 1145; and

Section 502(g) of ERISA providing that when an employer violates Section 515, the court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, 29 U.S.C. § 1132(g)(2); and

---

1.  Plaintiffs' notice of motion for default judgment [Doc. No. 5] and the text of the proposed judgment [Doc. No. 6] seek a judgment by default in the amount of $153,344.13.  However, it appears that Plaintiffs either inadvertently miscalculated the total amount of the default judgment they seek or asserted an incorrect amount in these documents.
    As supported by the declarations of Gary Mercadante and Michael Bauman submitted with the motion for default judgment, the total amount of the contributions, required dues check-offs, interest, liquidated damages, settlement payments and damages, and attorneys' fees and costs is slightly higher at $160,725.88.

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b).  A district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  Upon a showing of specified damages, the court may enter judgment without conducting a hearing.  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on December 13, 2011; and

Plaintiffs having filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' complaint, see Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for its default, see Peterson v.

Boyarsky Corp., 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009); and

    The Court finding that, through the declarations of their counsel and accompanying documentation, Plaintiffs set forth the contributions and other expenses owed by Defendant, including the amounts of interest and liquidated damages due as determined by the terms of the governing documents, as well as attorneys' fees and costs, for a total of $160,725.88, see Trucking Employees of N. Jersey Welfare Fund, Inc. v. M.J. Paquet, Inc., 2009 U.S. Dist. LEXIS 41108, at **6-7 (D.N.J. May 11, 2009) (noting that quantum of damages may be established without further proof if the amount of damages are liquidated or discernible by mathematical computation); and

    The Court finding that Plaintiffs are entitled to judgment in their favor on nearly all the claims and damages set forth in their complaint[2] and motion for default judgment;

---

2. The complaint also alleges that Defendant failed to make $8,432.52 in required contributions and to remit $604.95 in required dues check-offs to Plaintiffs with respect to covered work at a Wal-Mart store in Hackettstown (the "Hackettstown Project"). (Pls.' Compl. [Doc. No. 1] ¶ 13.)
    However, the documents submitted in support of Plaintiffs' motion for default judgment do not make any averments or declarations regarding alleged damages with respect to the Hackettstown Project, and Plaintiffs have not moved for default judgment with respect to this particular claim. Accordingly, Plaintiffs must either separately move for default judgment with respect to the Hackettstown Project or voluntarily dismiss this

Accordingly,

**IT IS HEREBY** on this   12th   day of   September  , 2012

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 5] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs are awarded a judgment of default in the amount of **$160,725.88**; and it is further

**ORDERED** that this Court shall retain jurisdiction over the enforcement and continued litigation of this matter for sixty (60) days.

At Camden, New Jersey

                                               /s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

---

portion of their complaint against Defendants.  Plaintiffs shall advise the Court regarding their intention with respect to the Hackettstown Project within ten days of the date of this Memorandum Opinion and Order.

6